Filed 8/2/24  P. v. Cross CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>       v.<br><br>GEORGE EUGENE CROSS,<br><br>    Defendant and Appellant. | G062928<br><br>(Super. Ct. No. 06NF4190)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

George Eugene Cross appeals from the denial of his petition to seal his arrest and related records (Pen. Code, § 851.91).[1] His appointed appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, setting forth the procedural facts of the case and requesting Cross be permitted to file a supplemental brief. Cross filed three supplemental briefs raising several issues concerning the judgment in his underlying case, in which he was convicted and sentenced to prison for a term of 25 years to life.[2] He also filed four requests for judicial notice. We affirm the postjudgment order and deny his requests for judicial notice.

PROCEDURAL HISTORY

In June 2009, the district attorney filed a second amended information, alleging Cross committed a forcible rape in 1997. (Former § 261, subd. (a)(2).) The second amended information included two separate allegations under the "One Strike" law that the offense was committed during the commission of a burglary. (Former § 667.61, subds. (a), (d)(4) [providing for a sentence of 25 years to life]; former § 667.61, subds. (b), (e)(2) [providing for a sentence of 15 years to life].)

Following a jury trial in February 2011, Cross was convicted of the offense (2011 conviction) and each of the One Strike allegations were found to be true. The court sentenced Cross to prison for a term of 25 years to life based on one of the One Strike findings (former § 667.61, subds. (a), (d)(4)). The court stayed the punishment on the other One Strike finding (former § 667.61, subds. (b), (e)(2)). Cross appealed, and the judgment was

---

[1]  All further statutory references are to the Penal Code.

[2]  In his supplemental briefs, Cross also raises issues concerning an unrelated judgment against him in Sacramento County.

2

affirmed on appeal.[3] (*People v. Cross* (Nov. 27, 2012, G044769) [nonpub. opn.].)

On November 10, 2022, Cross filed a petition under section 851.91 to seal his arrest and other records related to his 2011 conviction. This petition was denied by the trial court in December 2022. On appeal, the trial court's denial of this petition was affirmed. (*People v. Cross* (Jan. 18, 2024, G062184) [nonpub. opn.].)

On July 5, 2023, Cross filed another petition under section 851.91 to seal his arrest and other records related to his 2011 conviction. Using a Judicial Council form, Cross indicated in his petition he was entitled to have his arrest records sealed because his arrest did not result in a conviction and he satisfied the requirements of section 851.91. In July 2023, the trial court denied the petition. Cross timely appealed the court's order denying his petition.

## DISCUSSION

In his supplemental briefs, Cross does not address the issue in this appeal—whether the court erred in denying his most recent section 851.91 petition to seal his arrest and related records.[4] Instead, he makes several arguments concerning the validity of his underlying 2011 conviction

---

[3] Proceedings are ongoing in the Orange County Superior Court regarding the correction of the abstract of judgment.

[4] Section 851.91 "provides for the sealing of arrest records in certain situations when the arrest did not result in a conviction." (*People v. D.C.* (2020) 54 Cal.App.5th 727, 733.)

3

and sentence.[5] Cross may not use this appeal to attack the underlying judgment, which was upheld on appeal and has been final since 2013. His claims concerning his underlying conviction and sentence are beyond the scope of this appeal.[6]

Cross's supplemental briefs do not identify any grounds for reversing the court's postjudgment order denying his latest motion to seal his arrest and related records. We have also examined the record and are satisfied Cross's counsel fully complied with the responsibilities of appellate counsel and no arguable issues exist. Accordingly, to the extent Cross requests new counsel on appeal, we deny such request.

---

[5] Several of Cross's arguments are based on his misunderstanding of when former section 667.61 was enacted. Former section 667.61 took effect on November 30, 1994. (*People v. Wutzke* (2002) 28 Cal.4th 923, 929.)

[6] Cross seeks judicial notice of documents to support his claims regarding his underlying 2011 conviction and sentence. These are irrelevant to the issues before us in this appeal, and we therefore deny his requests for judicial notice.

## DISPOSITION

The postjudgment order denying Cross's motion to seal his arrest and related records pursuant to section 851.91 is affirmed. Cross's requests for judicial notice are denied.



MOTOIKE, J.

WE CONCUR:



O'LEARY, P. J.



MOORE, J.

5